■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSEPH N. BOWLES, Appellant. — Appeal from a judgment of the County Court of Broome County (Coutant, J.), rendered April 28, 1981, upon a verdict convicting defendant of the crime of rape in the first degree. Defendant was indicted for rape in the first degree for an incident which occurred during the early morning hours of September 7, 1980 and, after trial, was convicted as charged. Defendant appeals from his conviction claiming that the verdict was not supported by the evidence because there was insufficient proof that he had intercourse with the victim and there were too many inconsistencies in the victim's story. A review of the record, however, reveals that there is substantial circumstantial evidence from which the jury could have concluded that defendant had intercourse with the victim, notwithstanding the victim's statements to the police and others that no intercourse had occurred, and, thus, was guilty of rape in the first degree. Medical testimony established that sperm and seminal fluid were present in the victim's vagina shortly after the

attack and that, because the sperm were not moving, intercourse had occurred during the previous 30 minutes to 28 hours. The victim testified that she had not had intercourse since August, 1979, some 13 months before this incident. The victim further testified that she could not remember all that occurred during the beating which was administered by defendant. However, she stated that she knew defendant exposed his penis to her and ordered her to take her pants off, which she refused to do, and that, when she awoke after the beating, she was clothed only in a shirt. This evidence supports a conclusion by the jury that defendant performed intercourse with the victim (cf. *People v Harris,* 306 NY 345, 351). That the victim told the police shortly after the attack that there was no intercourse can be explained by the fact that she was unconscious during that part of the attack during which intercourse was performed; consequently, at the time of the questioning by the police, she was not aware of any act of intercourse having occurred. This explanation is substantiated by the absence of any injury to the victim's genital area, from which she could reasonably have concluded that no intercourse occurred, especially in light of the medical testimony that the act of intercourse, if performed without resistance (such as by an unconscious woman), would not cause lacerations or bruises to the genital area. Moreover, it was within the province of the jury not to credit the testimony of defendant's witness that the victim told her a week or two after the attack that defendant never raped her (see, e.g., *People v Cummings,* 90 AD2d 622, 623). Likewise, the prior inconsistent statement of the victim to the effect that she saw defendant leaving the scene of the incident went to her credibility, a matter within the province of the jury (*id.,* see, also, Richardson, Evidence [10th ed], § 501, pp 486-488). Accordingly, the jury, viewing the evidence in this fashion, could have found that defendant performed intercourse with the victim, who had been rendered unconscious by defendant's physical beating, and, thus, was guilty as charged. Judgment affirmed. Mahoney, P. J., Kane, Main, Casey and Levine, JJ., concur.